UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MATTAVIOUS QWAURTEZ WORTHAM | CIVIL ACTION NO. 17-1429-P |
| VERSUS | CHIEF JUDGE HICKS |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Mattavious Qwaurtez Wortham ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on November 2, 2017. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction. He names Warden Jerry Goodwin as respondent.

On August 14, 2015, Petitioner pleaded guilty to one count of attempted second degree murder, one count of attempted armed robbery, and one count of second degree robbery in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. He was sentenced to 33 years imprisonment at hard labor as to the attempted second degree murder conviction, 33 years imprisonment at hard labor as to the attempted armed robbery conviction, and five years imprisonment at hard labor as to the second degree robbery conviction.

In support of this petition, Petitioner alleges (1) the state court lacked subject matter jurisdiction, and (2) the State of Louisiana lacked standing.

For the reasons stated below, Petitioner's application for <u>habeas</u> relief should be denied and dismissed with prejudice.

## LAW AND ANALYSIS

**Subject Matter Jurisdiction Claim**

In support of his petition, Petitioner argues that the state court lacked subject matter jurisdiction because the record does not show facts establishing jurisdiction. Petitioner provides no factual or legal support for this claim. Louisiana law provides: "Courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the Louisiana Constitution and statutes." La. Code Cr. P. art. 16. The Louisiana Constitution grants original jurisdiction to Louisiana's district courts over all civil and criminal matters, and exclusive original jurisdiction over felony cases, such as Petitioner's case. La. Const. art. V, § 16. Accordingly, Petitioner's jurisdictional claim lacks merit.

**Standing Claim**

Petitioner next argues that the State of Louisiana lacks standing because it has failed to claim injury, loss, harm, or a violation of its legal rights. The district attorney's discretionary prosecutorial authority is vast. "Except as otherwise provided by this constitution, a district attorney, or his designated representative, shall have charge of every criminal prosecution by the state in his district." La. Const. art. V, § 26(B). "Under the Louisiana constitution it is the district attorney who is charged with the duty of seeking out

Page **2** of **5**

potential criminals and bringing them to trial for their alleged wrongs." Bd. of Comm'rs of Orleans Levee District v. Connick, 94–3161 (La. 3/9/95), 654 So.2d 1073, 1080. "The constitutional role of the district attorney is incipient to the criminal process; his decision to file charges in a court of criminal jurisdiction is the event which incites a trial court's exercise of that jurisdiction." Id.

"Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. C. Cr. P. art. 61. The decision to take any action to prosecute or not prosecute is within the district attorney's constitutionally granted powers. See State v. Hayes, 2010-1538 (La. App. 4 Cir. 9/1/11), 75 So. 3d 8, 13, writ denied, 2011-2144 (La. 3/2/12), 83 So. 3d 1043 (citing Briede v. Orleans Parish Dist. Attorney's Office, 04–1773, p. 5 (La. App. 4 Cir. 6/22/05), 907 So.2d 790, 793). Accordingly, Petitioner's claim that the State of Louisiana lacked standing is without merit.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED and DISMISSED WITH PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 22nd day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge